UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VICTOR MARQUEZ,

        Plaintiff,

v.

PAMELA S. HYDE, Secretary of the
New Mexico Human Services Dept.,
and the NEW MEXICO HUMAN
SERVICES DEPARTMENT.,

        Defendants.

FILED

04 JAN 28 PM 3:48

CIV No. 04-0081 JC DJS

## COMPLAINT FOR DAMAGES

Plaintiff, Victor Marquez, by and through his attorneys, Madison, Harbour, Mroz & Brennan, P.A., (Timothy L. White) for his complaint states:

1. This is a civil action for damages arising from the wrongful termination of Victor Marquez from his position as management analyst supervisor with the Human Services Department Income Support Division.

2. Plaintiff seeks remedies under the Uniform Services Employment and Re-employment Rights Act, 38 U.S.C.A. § 2021 and New Mexico Statutes Annotated § 20-4-6, § 20-11-6; and 42 U.S.C. § 1983; and under New Mexico state law.

### JURISDICTION AND VENUE

3. This court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4. Venue is proper pursuant to 28 U.S.C. § 1391(B).

5. Defendant Hyde is being sued in her individual capacity for the deprivation of plaintiff's rights under the above-cited federal and state statutes.

6. Plaintiff is a person pursuant to 42 U.S.C. § 1983.

## PARTIES

7. Plaintiff is a resident of Santa Fe County, New Mexico.

8. On information and belief, defendant Hyde is a resident of the State of New Mexico.

9. Defendant Hyde is and was at all relevant times the secretary of the New Mexico Human Services Department responsible for the administration, supervision and operation of the Human Services Department Income Support Division.

10. At all material times, defendant Hyde acted under the color of law and in the scope of her official duties in making final decisions with respect to the termination of employees of the Human Services Department Income Support Division.

## FACTUAL BACKGROUND

11. Victor Marquez was employed by the Human Services Department Income Support Division as a management analyst supervisor. Mr. Marquez was also, at all material times, a member of the New Mexico National Guard Army Reserve.

12. By order of Governor Bill Richardson, the National Guard unit of which plaintiff was a member, was deployed by executive order on or about February 4, 2003, to assist the State of Texas in response to the crash of the space shuttle Columbia. Plaintiff was deployed pursuant to this executive order for a period of approximately two weeks, taking him away from his duties with the Human Services Department.

13. Immediately upon his deployment in service of the State of New Mexico National Guard, plaintiff's supervisor, Terry Trujillo, began packing up plaintiff's office, on or about

February 4, 2003.

14. Upon plaintiff's return to work, he was informed by Ms. Trujillo that he would no longer be a supervisor and she effectively demoted him. That had obviously occurred on a de facto basis immediately upon his deployment in service of the New Mexico National Guard, by virtue of her packing up plaintiff's office..

15. Upon his return, plaintiff was notified that effective February 21, 2003, he was being dismissed from his position as management analyst supervisor with the Human Services Department Income Support Division. The stated reasons for his dismissal are a pretext for discrimination against him because of his military service.

### COUNT I - Termination in Violation of 38 U.S.C.A § 2021

16. Plaintiff's termination constitutes discrimination against him in violation of 38 U.S.C.A. § 2021, which provides that at the conclusion of his military service, he must be re-employed. Instead, plaintiff was demoted even before his return from his military service and was then terminated. Plaintiff seeks damages in the form of front and back pay and all other compensatory damages allowed by law.

### COUNT II - Termination in Violation of NMSA § 20-4-6, 20-11-6, 20-5-14.

17. Plaintiff's termination constitutes discrimination against him in violation of NMSA § 20-4-6, 20-11-6, 20-5-14, which provide that at the conclusion of his military service, he must be re-employed, and prohibit discrimination on the basis of his military service. Instead, plaintiff was demoted even before his return from his military service and was then terminated. Plaintiff seeks damages in the form of front and back pay and all other compensatory damages allowed by law.

**COMPLAINT - Page 3**

## COUNT III - Retaliatory Discharge

18. Plaintiff was retaliated against in violation of the above-cited federal and state statutes on the day after he complained to Governor Bill Richardson about his harassment because of his National Guard duties.

19. Plaintiff seeks damages for this retaliatory discharge of front pay and back pay and all other compensatory damages permitted by law.

For the reasons stated, plaintiff, requests judgment against the defendants for compensatory damages as allowed by law, for attorney's fees, for his costs incurred in this action, for prejudgment and postjudgment interest as allowed by law, and for such other relief the court considers proper.

MADISON, HARBOUR, MROZ & BRENNAN, P.A.

By _Timothy L. White_ (signature)

Timothy L. White
P.O. Box 25467
Albuquerque, New Mexico 87125-5467
Telephone: 505 242-2177
Facsimile: 505 242-7184

Attorneys for Plaintiff

N:\13070-03001\PLG\Complaint.wpd

**COMPLAINT - Page 4**